IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANGELINE M. MARSH, ) | |
| ) | |
| Plaintiff, ) | 8:11CV157 |
| ) | |
| v. ) | |
| ) | |
| KARIN L. NOAKES, Custer ) | MEMORANDUM OPINION |
| County District Court, JACK W.) | |
| BESSE, VINCE DOWDING, GARY G. ) | |
| PETERSON, DAVE DAVIS, WINDY ) | |
| THOME, GREGORY G. JENSEN, ) | |
| JIM EBERLY, FARMER NATIONAL ) | |
| COMPANY, and EVANGELICAL ) | |
| LUTHERAN GOOD SAMARITAN ) | |
| SOCIETY, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff filed her complaint in this matter on May 5, 2011 (Filing No. 1). Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 6). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### *SUMMARY OF COMPLAINT*

Plaintiff filed her complaint in this matter on May 5, 2011, against ten defendants, Karin L. Noakes, Jack W. Besse, Vince Dowding, Gary G. Peterson, Dale Davis, Windy Thome, Gregory G. Jensen, Jim Eberle, Farmer National Company and Evangelical Lutheran Good Samaritan Society (Filing No. 1-1 at CM/ECF pp. 1-2). Plaintiff is a non-prisoner who currently resides in Comstock, Nebraska. (*Id.*; *see* Docket Sheet.)

Liberally construed, plaintiff alleges that on October 10, 2010, defendants seized and sold her property to pay another person's debt pursuant to a judgment and order for sale issued by the District Court of Custer County, Nebraska (Filing No. 1-1 at CM/ECF pp. 3, 4, 13). Plaintiff claims to possess a "[w]arrenty [sic] deed, the UCC 1 [sic], and a land patent" which establish her interest in the property. (*Id*. at CM/ECF p. 3.) Following the sale, plaintiff sent "legal papers" to defendants and they did not respond. (*Id*.) Plaintiff asks the Court to bring criminal charges against defendants for "commercial trespassing" because they "defaulted and ignored the Land Patent, Warrenty [sic] deed, and UCC1 [sic]." (*Id*. at CM/ECF pp. 4, 6.) She also seeks the return of the property. (*Id*. at CM/ECF pp. 6, 8.) Plaintiff asserts that this is not a "judicial case," but rather a "Criminal Commercial Complaint." (*Id*. at CM/ECF pp. 4, 7.)

### *APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW*

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual

-2-

allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### ***DISCUSSION OF CLAIMS***

A private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Mercer v. Lexington Fayette Urban Cnty. Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995) (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a

grand jury are decisions that generally rest in the prosecutor's discretion.")).

Here, plaintiff asks the Court to initiate criminal charges against defendants for commercial trespassing (Filing No. 1-1 at CM/ECF pp. 3-4). Plaintiff insists that the dispute is a criminal matter rather than "judicial." (*Id*. at CM/ECF pp. 4, 7.) Because the Court does not have the authority to force a criminal prosecution, plaintiff's request to initiate criminal charges against defendants fails to state a claim upon which relief may be granted.

To the extent that plaintiff seeks to challenge a state court judgment regarding the land in question, that challenge is barred under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; see also *Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting

-4-

that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation omitted).  Indeed, challenges to state foreclosure and eviction proceedings are barred under the *Rooker-Feldman* doctrine.  *See, e.g.*, *Vuaai El v. Mortgage Elec. Registry Sys.*, No. 08-14190, 2009 WL 2705819, at *9 (E.D. Mich. Aug. 24, 2009) (concluding the court lacked subject matter jurisdiction over plaintiff's challenge to state foreclosure and eviction proceedings where plaintiff alleged possession of a U.C.C. financing statement, possessory lien, land patent and homestead levy exemption).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of July, 2011.

BY THE COURT:

/s/ Lyle E. Strom

―――――――――――――――――――
LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.