IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGELINE M. MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV157 |
| | ) | |
| v. | ) | |
| | ) | |
| KARIN L. NOAKES, Custer | ) | MEMORANDUM AND ORDER |
| County District Court, JACK W. | ) | |
| BESSE, VINCE DOWDING, GARY G. | ) | |
| PETERSON, DAVE DAVIS, WINDY | ) | |
| THOME, GREGORY G. JENSEN, | ) | |
| JIM EBERLY, FARMER NATIONAL | ) | |
| COMPANY, and EVANGELICAL | ) | |
| LUTHERAN GOOD SAMARITAN | ) | |
| SOCIETY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on plaintiff's motion to reopen case, which the Court liberally construes as a Motion for Relief Under Rule 60(b) (Filing No. 11).  Along with her motion, plaintiff has filed an amended complaint (Filing No. 12), a supplement regarding the amended complaint (Filing No. 13) and a motion for default judgment (Filing No. 14).

On July 12, 2011, the Court dismissed plaintiff's claims and entered judgment against her (Filing Nos. 8 and 9.) Liberally construed, plaintiff seeks relief from the Court's judgment pursuant to Fed. R. Civ. Pro. 60(b)(6) (Filing No. 11). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is

not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). However "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005).

The Court has carefully reviewed plaintiff's motion, amended complaint and supplement. Plaintiff has not set forth any "exceptional circumstances" that prevented her from fully litigating her claims or receiving adequate redress. Accordingly, plaintiff's motion to reopen case, construed as a motion for relief under Rule 60(b), will be denied. Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to reopen case (Filing No. 11), construed as a motion for relief under Rule 60(b), is denied.

2.   Plaintiff's motion for default judgment (Filing No. 14) is denied as moot.

DATED this 6th day of October, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

_____
    * This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.